

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 3 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

DERECK JOHNSON

NO. 3:13-CR-230-N

## Amended PLEA AGREEMENT

Dereck Johnson, the defendant, Mick Mickelsen, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Johnson understands that he has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Johnson waives these rights and pleads guilty to the offenses alleged in Count Two of the Indictment charging a violation of 18 U.S.C. § 1591(a) and (b)(1), Sex Trafficking of Children. Johnson understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum and minimum penalties the Court can impose for

Count Two include:

    a.     a mandatory term of imprisonment for a period of not less than fifteen years or more than life;

    b.     a fine not to exceed $250,000, or twice any pecuniary gain to Johnson or loss to the victim(s);

    c.     a term of supervised release at least five years but up to life, which will follow any term of imprisonment. If Johnson violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.     a mandatory special assessment of $100; and

    e.     costs of incarceration and supervision.

4.   **Sentencing agreement.** Pursuant to Rule 11(c)(1)(C), FED. R. CRIM. P., the parties agree that the appropriate term of imprisonment in this case is 180 months imprisonment. If the Court accepts this plea agreement, this provision is binding on the Court. Other than the agreed term of imprisonment, the Court remains free to determine the sentence it deems appropriate, under the advisory United States Sentencing Guidelines.

5.   **Rejection of agreement.** Pursuant to Rule 11(c)(5), FED. R. CRIM. P., if the Court rejects this plea agreement, Johnson will be allowed to withdraw his guilty plea. If Johnson declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.

6.   **Mandatory special assessment:** Johnson agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessments in this case.

7. **Defendant's agreement**: Johnson shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Johnson shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Johnson expressly authorizes the United States Attorney's Office to immediately obtain a credit report on his in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Johnson fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the Defendant's full and immediately enforceable financial obligation. The Defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Government's agreement**: The government will not bring any additional charges against Johnson based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending Indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District

of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Johnson or any property.

9. **Violation of agreement**: Johnson understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Johnson and others, for all offenses of which it has knowledge. In such event, Johnson waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Johnson also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge or seek reduction in sentence**: Johnson waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. He further waives his right to seek any future reduction in his sentence (*e.g.*, based on a change in sentencing guidelines or statutory law). Johnson, however, reserves the rights (a) to bring a direct appeal of a sentence

exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Johnson has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Johnson has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Johnson has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 3 day of ~~May~~ June, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
CHAD MEACHAM
Criminal Chief

_____
CARA FOOS PIERCE
Assistant United States Attorney
Texas State Bar No. 24036579
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Tel:   214.659.8600
Fax: 214.767.4100

_____
DERECK JOHNSON
Defendant

_____
MICK MICKELSEN
Attorney for Defendant

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____  _____6-3-14_____
DERECK JOHNSON                              Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  _____5-12-14_____
MICK MICKELSEN                              Date
Attorney for Defendant

Plea Agreement - Page 7

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____      _6-3-14_____
DERECK JOHNSON                                            Date

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____      _6-3-14_____
DERECK JOHNSON                                            Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____      _5-12-14_____
MICK MICKELSEN                                            Date
Attorney for Defendant

Plea Agreement - Page 8